PROSKAUER ROSE LLP
Jeremy M. Brown, Esq. (JB-7652)
One Newark Center
Newark, New Jersey 07102-5211
Telephone: 973.274.3200
Facsimile: 973.274.3299
e-mail: jbrown@proskauer.com

*Attorneys for Defendants* The United States Chess Federation,
Joel Channing, William Goichberg, Bill Hall, Herbert Rodney Vaughn,
Gregory Alexander, Grant Perks, Randall Hough, Randy Bauer, Paul Truong,
Susan Polgar and Jim Berry

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                 :
SAM SLOAN,                                                       :
                                                                 :
                              Plaintiff,                         :   Civil Action No. 07-CV-8537 (DC)
                                                                 :
             vs.                                                 :
                                                                 :
HOAINHAN "PAUL" TRUONG, ZSUZSANNA                                :   Document Filed Electronically
"SUSAN" POLGAR, JOEL CHANNING,                                   :
WILLIAM GOICHBERG, THE UNITED STATES                             :
CHESS FEDERATION, BILL HALL, HERBERT                             :
RODNEY VAUGHN, GREGORY ALEXANDER,                                :
FRANK NIRO, GRANT PERKS, WILLIAM                                 :
BROCK, RANDALL HOUGH, RANDY BAUER,                               :
JIM BERRY, TEXAS TECH UNIVERSITY and                             :
UNITED STATES OF AMERICA                                         :
                                                                 :
                              Defendants.                        :
                                                                 :
---------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(2)**

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................1

LEGAL ARGUMENT ...................................................................................................................2

    I.    JURISDICTION IS IMPROPER BECAUSE COMPLETE DIVERSITY DOES NOT EXIST BETWEEN THE PARTIES. ................................................3

    II.    JURISDICTION IS ALSO IMPROPER BECAUSE NO FEDERAL QUESTION HAS BEEN PRESENTED. ...............................................................4

    III.    THERE IS NO PERSONAL JURISDICTION OVER DEFENDANTS IN THIS COURT. .......................................................................................................6

CONCLUSION .................................................................................................................................8

## **TABLE OF AUTHORITIES**

Page

**CASES**

*American Well Works Co. v. Layne & Bowler Co.*,
   241 U.S. 257 (1916) .................................................................................................... 4-5

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007) ............................................................................................7

*Caterpillar Inc. v. Lewis,*
   519 U.S. 61 (1996) ..........................................................................................................3

*Croteau v. California*,
   No. 07-CV-588-IEG(AJB), 2007 U.S. Dist. LEXIS 86222 (S.D.Cal. Nov. 21, 2007).............5

*Cushing v. Moore*,
   970 F.2d 1103 (2d Cir. 1992)..........................................................................................3

*Dukes v. Brandeis Univ.*,
   No. 83-CV-465, 1983 U.S. Dist. LEXIS 12110 (N.D.N.Y. Nov. 1, 1983).............................6

*Espada v. New York Bd. of Elections*,
   No. 07 Civ. 7622, 2007 U.S. Dist. LEXIS 65520 (S.D.N.Y. Aug. 31, 2007) .........................2

*Ghartey v. Chrysler Credit Corp.*,
   No. CV-92-1782 (CPS), 1992 U.S. Dist. LEXIS 18185 (E.D.N.Y. Nov. 18, 1992)................5

*International Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ........................................................................................................7

*Land v. Dollar*,
   330 U.S. 731 (1947) ........................................................................................................3

*Linardos v. Fortuna*,
   157 F.3d 945 (2d Cir. 1998) ........................................................................................3, 4

*Mississippi Band of Choctaw Indians v. Holyfield*,
   490 U.S. 30 (1989) ..........................................................................................................4

*Moore v. New York City Bd. of Educ.*,
   No. 01 Civ. 0908 (RWS), 2001 U.S. Dist. LEXIS 9955 (S.D.N.Y. July 18, 2001) ..............5, 6

*New York v. White,*
   528 F.2d 336 (2d Cir. 1975) ............................................................................................5

*Osborn v. Salter*,
   No. 5:07CV00016, 2007 U.S. Dist. LEXIS 29704 (W.D.Va. Apr. 21, 2007) .........................5

**TABLE OF AUTHORITIES (cont'd)**

*Robinson v. Government of Malaysia*,
   269 F.3d 133 (2d Cir. 2001) ...................................................................................................3

*Sciolino v. Marine Midland Bank-Western*,
   463 F. Supp. 128 (W.D.N.Y. 1979) .........................................................................................5

*Serrano v. 900 5th Avenue Corp.*,
   4 F. Supp. 2d 315 (S.D.N.Y. 1998) ..........................................................................................2

*Sipfle v. Cortland Country Club, Inc.*,
   No. 5:04-CV-565, 2005 U.S. Dist. LEXIS 27625 (N.D.N.Y. Nov. 4, 2005)....................2-3, 6

*Texas v. Florida*,
   306 U.S. 398 (1939) .................................................................................................................4

*Williamson v. Osenton*,
   232 U.S. 619 (1914) .................................................................................................................4

**STATUTES**

2 U.S.C. §§ 437....................................................................................................................................6

28 U.S.C. §§ 1331......................................................................................................................2, 4, 5

28 U.S.C. § 1332.............................................................................................................................2, 3

42 U.S.C. § 1973...............................................................................................................................6

47 U.S.C. § 223.................................................................................................................................5

**OTHER AUTHORITIES**

Charles A. Wright, *et al., Federal Practice and Procedure* § 1350 (1990 & Supp. 2002) ............2

Ohio Civ. R. 4.1 ................................................................................................................................1

Wash. Ct. Rule 4 ..............................................................................................................................1

**PRELIMINARY STATEMENT**

Defendants The United States Chess Federation, Joel Channing, William Goichberg, Bill Hall, Herbert Rodney Vaughn, Gregory Alexander, Grant Perks, Randall Hough, Randy Bauer, Paul Truong, Susan Polgar and Jim Berry (collectively "Defendants") seek the dismissal of *pro se* plaintiff Sam Sloan's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(2) because there is no basis for subject matter jurisdiction or personal jurisdiction in this Court.[1] Subject matter jurisdiction is improper because Plaintiff has failed to: (i) establish complete diversity between the parties in order to maintain jurisdiction in this Court; and (ii) articulate a federal question sufficient to sustain jurisdiction in this Court. In addition, personal jurisdiction is improper because Plaintiff cannot establish sufficient contacts between any of the Defendants and the forum state. Accordingly, this Court should dismiss Plaintiff's Complaint.

On or about October 2, 2007, Plaintiff filed a rambling Complaint against Defendants asserting claims and seeking various forms of relief for certain alleged wrongs.[2] Plaintiff asserts that jurisdiction in this Court is proper based on "diversity of citizenship, federal questions, election fraud and the constitution and laws of the United States." (Compl. ¶ 2.) The only federal statute identified in the Complaint is the Communications Decency Act, 47 U.S.C. § 223(h)(1). (Compl. ¶ 3.) However, jurisdiction is not sustainable under the Communications Decency Act because it is a penal statute which does not provide for civil remedies.

---

[1] Although the undersigned counsel represents defendant Vaughn, he was not served with the Complaint (Brown Aff. ¶ 3) and accordingly does not appear in this matter. Similarly, while counsel represents defendants Alexander (a resident of Washington) and Perks (a resident of Ohio), both were served improperly with the Summons and Complaint only by regular mail, in violation of the respective state service rules, and do not appear in this matter. (Brown Aff. ¶ 4; *See* Wash. Ct. Rule 4; Ohio Civ. R. 4.1.) Defendant Niro is not locatable. (Brown Aff. ¶ 5.)
[2] A copy of the Complaint is attached as Exhibit A to the Affidavit of Jeremy M. Brown, Esq., dated January 4, 2008 and referenced hereinafter as "(Compl. ¶ __.)."

Furthermore, complete diversity of citizenship does not exist between the parties. Both Plaintiff and defendant William Goichberg are citizens of the state of New York.

In addition, Plaintiffs' allegations of various alleged derogatory comments made about him on certain chess web-sites is insufficient to establish the requisite minimum contacts needed to maintain personal jurisdiction in New York.

## **LEGAL ARGUMENT**

Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks jurisdiction over the subject matter of this action. In order to bring a cause of action in federal court, Plaintiff must establish a basis for federal jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is generally set forth in 28 U.S.C. §§ 1331 and 1332. *See Espada v. New York Bd. of Elections*, No. 07 Civ. 7622, 2007 U.S. Dist. LEXIS 65520, at *5 (S.D.N.Y. Aug. 31, 2007). Subject matter jurisdiction is proper if the complaint raises a federal question (28 U.S.C. § 1331), or the plaintiff satisfies the requirements of complete diversity of citizenship between plaintiff and all the defendants (28 U.S.C. § 1332). Plaintiff has failed to establish the requirements of federal subject matter jurisdiction because: (i) Plaintiff's claims are not based on federal questions; and (ii) complete diversity between the parties does not exist.

A motion to dismiss pursuant to 12(b)(1) "raises the question of the federal court's subject matter jurisdiction over the action." Charles A. Wright, *et al., Federal Practice and Procedure* § 1350, at 194-95 (1990 & Supp. 2002). When considering a 12(b)(1) motion the Court must still accept all factual allegations in the complaint as true; however, the Court is not "confined to the complaint." *Serrano v. 900 5th Avenue Corp.*, 4 F. Supp. 2d 315, 316 (S.D.N.Y. 1998). Indeed, the Court may refer to "evidence outside the pleadings, e.g., affidavit(s) or

2

otherwise competent evidence" without converting the motion to dismiss to a motion for summary judgment. *Sipfle v. Cortland Country Club, Inc.*, No. 5:04-CV-565, 2005 U.S. Dist. LEXIS 27625, at *4 (N.D.N.Y. Nov. 4, 2005).

I.  **JURISDICTION IS IMPROPER BECAUSE COMPLETE DIVERSITY DOES NOT EXIST BETWEEN THE PARTIES.**

This Court lacks subject matter jurisdiction over the Complaint because complete diversity between the parties is lacking. Both Plaintiff and individual defendant William Goichberg ("Goichberg") are citizens of the state of New York. Pursuant to 28 U.S.C. § 1332(a), this Court has original subject matter jurisdiction over all claims where the action is between "citizens of a State and citizens or subjects of a foreign state." Jurisdiction under § 1332(a) has long been interpreted to require *complete diversity,* such that the citizenship of each plaintiff must be different from that of each defendant. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 67-68 (1996); *Cushing v. Moore,* 970 F.2d 1103, 1106 (2d Cir. 1992).

Plaintiff alleges that he is a citizen of the state of New York. (Compl. ¶ 10.) Notwithstanding Plaintiff's bare contention that Goichberg is a resident of California and New York and travels extensively (Compl. ¶ 22), Goichberg is a citizen of the state of New York. (Goichberg Aff.[3] ¶¶ 1-5.)[4]

For purposes of determining an individual's citizenship under § 1332, the Court must look at the person's domicile. *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). Domicile

---

[3] The Affidavit of William Goichberg, dated November 19, 2007, is referred to herein as "(Goichberg Aff. ¶ __.)."

[4] A defendant "may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both," when making a motion to dismiss pursuant to Rule 12(b)(1). *Robinson v. Government of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001) (citations and internal quotation marks omitted). Where, as here, the defendant challenges jurisdictional facts presented by the plaintiff, "the court may inquire by affidavits or otherwise, into the facts as they exist." *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *see also Robinson*, 269 F.3d at 140.

is defined as "the technically pre-eminent headquarters that every person is compelled to have in order that certain rights and duties that have been attached to it may be determined," *Williamson v. Osenton*, 232 U.S. 619, 625 (1914), or the "place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos*, 157 F.3d at 948 (internal quotation marks omitted). The Court must scrutinize two factors in order to establish a person's domicile: (i) the nature and extent of that person's physical presence in the state alleged to be his or her domicile; and (ii) his or her intent to remain there indefinitely. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Texas v. Florida*, 306 U.S. 398, 424 (1939) ("Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile"). Defendant Goichberg resides in Salisbury Mills, New York, where he maintains his home, domicile and permanent place of residence. (Goichberg Aff. ¶ 1.) Goichberg has lived at and maintained his residence and home in Salisbury Mills, New York since 1991. (*Id.* at ¶ 2.) He receives mail, votes and pays taxes in New York and not in any other state. (*Id.* at ¶¶ 3-4.) Because both Plaintiff and Goichberg are citizens of the state of New York, there is no diversity between the parties. Accordingly, this Court does not have subject matter jurisdiction over this action and Plaintiff's Complaint must be dismissed.

## II.    JURISDICTION IS ALSO IMPROPER BECAUSE NO FEDERAL QUESTION HAS BEEN PRESENTED.

In addition to lack of complete diversity, the Complaint fails to present a federal question and therefore should be dismissed. Under 28 U.S.C. § 1331, federal courts have original jurisdiction over cases "arising under" federal law. Federal jurisdiction is based on the fact that federal law creates the plaintiff's asserted cause of action. *See American Well Works Co. v.*

*Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action.").

In order to invoke federal question subject matter jurisdiction, Plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. *New York v. White,* 528 F.2d 336, 338 (2d Cir. 1975) ("Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law."). The only federal statute identified by Plaintiff in his Complaint is the Communications Decency Act, 47 U.S.C. § 223(h)(1). (*See* Compl. ¶ 3.) However, the Communications Decency Act is a criminal statute which makes illegal, among other things, the making of obscene and harassing telephone calls and other communications. 47 U.S.C. § 223(a). Criminal statutes, however, do not provide federal jurisdiction over a civil lawsuit for money damages. *Moore v. New York City Bd. of Educ.*, No. 01 Civ. 0908 (RWS), 2001 U.S. Dist. LEXIS 9955, at *4 (S.D.N.Y. July 18, 2001) (finding that two fraud statutes providing for criminal penalties do not provide a basis for federal jurisdiction); *Sciolino v. Marine Midland Bank-Western*, 463 F. Supp. 128, 131 (W.D.N.Y. 1979) ("Violation of a penal statute does not alone support an allegation of federal question civil jurisdiction.").

Moreover, there is no private cause of action under the Communications Decency Act. *See Ghartey v. Chrysler Credit Corp.*, No. CV-92-1782 (CPS), 1992 U.S. Dist. LEXIS 18185, at *13 (E.D.N.Y. Nov. 18, 1992); *see also Croteau v. California*, No. 07-CV-588-IEG(AJB), 2007 U.S. Dist. LEXIS 86222, at *19-20 (S.D.Cal. Nov. 21, 2007); *Osborn v. Salter*, No. 5:07CV00016, 2007 U.S. Dist. LEXIS 29704, at *4 (W.D.Va. Apr. 21, 2007). Accordingly, federal question jurisdiction cannot be sustained under Section 223(h)(1) of the Communications Decency Act and Plaintiff's Complaint should be dismissed.

In paragraph 2 of the Complaint, Plaintiff alludes to jurisdiction based on "election fraud and the constitution and laws of the United States" but does not provide any specification. Regardless, Plaintiff cannot sustain jurisdiction on any federal statute relating to election fraud as a matter of law. Federal election fraud is generally prohibited under the Federal Election Campaign Act ("FECA"), 2 U.S.C. § 431, *et seq.*, and the Voting Rights Act ("VRA"), 42 U.S.C. § 1973, *et seq.* The Federal Election Commission is authorized exclusively to civilly enforce FECA. 2 U.S.C. §§ 437c(b)(1), 437d(e), 437g. The VRA permits only the Justice Department to sue in federal court to challenge discriminatory voting practices. 42 U.S.C. § 1973j. Neither law permits an individual – like the plaintiff here – to bring a civil lawsuit in federal court. *See Moore v. New York City Bd. of Educ.*, No. 01 Civ. 0908 (RWS), 2001 U.S. Dist. LEXIS 9955, at *4 (S.D.N.Y. July 18, 2001) (finding no federal jurisdiction where the statute under which plaintiff sued required that the plaintiff be the United States of America). Accordingly, federal question jurisdiction cannot be sustained on claims of election fraud.[5]

### III. THERE IS NO PERSONAL JURISDICTION OVER DEFENDANTS IN THIS COURT.

Plaintiff's allegations that certain defendants posted allegedly defamatory statements about him on chess web-sites, thereby preventing him from winning election to the Executive Board of The U.S. Chess Federation, (Compl. ¶¶ 3-9) are insufficient as a matter of law to

---

[5] Plaintiff's bare allegation that federal jurisdiction is based on "the constitution and laws of the United States" (Compl. ¶ 2) also fails to present a federal question. *See Sipfle v. Cortland Country Club, Inc.*, No. 5:04-CV-565 (NAM/GHL), 2005 U.S. Dist. LEXIS 27625, at *2, 5 (N.D.N.Y. Nov. 4, 2005) (dismissing complaint for lack of subject matter jurisdiction where complaint alleged the court has "federal question jurisdiction [] as a civil action arising under the United States Constitution and laws," but did not specifically identify the laws or constitutional provisions implicated); *Dukes v. Brandeis Univ.*, No. 83-CV-465, 1983 U.S. Dist. LEXIS 12110, at *4 (N.D.N.Y. Nov. 1, 1983) (finding no subject matter jurisdiction where plaintiff alleged "there are federal Statutory rights and obligations controlling" but did not identify the statutory provisions).

6

establish personal jurisdiction over the defendants in New York.[6]  In order to establish personal jurisdiction over the Defendants, who are out-of-state residents, Plaintiff must demonstrate that each of the Defendants has sufficient contacts with New York.  *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  In the Second Circuit, allegedly defamatory postings on web-sites, which may be read by individuals in New York, are not sufficient to establish personal jurisdiction over an out-of-state defendant.  *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007).

In *Best Van Lines, Inc.*, the Court considered whether New York's long-arm statute, C.P.L.R. § 302(a), allowed the Southern District of New York to maintain personal jurisdiction over a defendant, a resident of Iowa and the proprietor of an internet web-site, who posted allegedly derogatory comments about plaintiff, a moving van company located in New York.  C.P.L.R. § 302(a)(1) required the Court to determine "(1) whether the defendant 'transacts any business' in New York and, if so, (2) whether [plaintiff's] cause of action 'aris[se] from' such a business transaction."  *Id.* at 246.  The Court found that, (1) posting defamatory material on a web-site accessible in New York, in and of itself, was not sufficient to constitute "transacting business" in New York; and (2) to the extent defendant conducted business transactions in establishing a web-site, a defamation claim based on defamatory statements posted on the web-site, does not "arise from" such transactions.  *Id.* at 250-51.  Similarly, this Court cannot maintain personal jurisdiction over the defendants – all of whom are out-of-state residents (except Goichberg, a New York resident) – based upon alleged defamatory statements posted on web-sites, where such statements may have been read by individuals in New York.  Accordingly, there is no personal jurisdiction over Defendants and this matter should be dismissed.

---

[6]  This argument does not apply to defendant Goichberg, a resident of New York State.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(2) for lack of subject matter jurisdiction and personal jurisdiction.

Dated: January 4, 2008

PROSKAUER ROSE LLP

s/ Jeremy M. Brown
Jeremy M. Brown (JB-7652)
One Newark Center, 18th Floor
Newark, New Jersey 07102
Telephone: 973.274.3200
Facsimile: 973.274.3299
jbrown@proskauer.com

5890/74697-001 Current/10303841v3