UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAM SLOAN,

                                        Plaintiff,

          - against -

HOAINHAN "PAUL" TRUONG, ZSUZSANNA
"SUSAN" POLGAR, JOEL CHANNING, WILLIAM
GOICHBERG, THE UNITED STATES CHESS
FEDERATION, BILL HALL, HERBERT RODNEY
VAUGHN, GREGORY ALEXANDER, FRANK NIRO,
GRANT PERKS, WILLIAM BROCK, RANDALL HOUGH,
RANDY BAUER, JIM BERRY, TEXAS TECH
UNIVERSITY and UNITED STATES OF AMERICA,

                                        Defendants.

Civil Action No.

07-CV-8537 (DC)

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS,
PAUL TRUONG AND SUSAN POLGAR,
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

**NIXON PEABODY LLP**
*Attorneys for Defendants Paul
Truong and Susan Polgar*
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753-2728
(516) 832-7500

## PRELIMINARY STATEMENT

Defendants Paul Truong and Susan Polgar (collectively "Defendants Truong and Polgar") respectfully submit this Reply Memorandum of Law in further support of their motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) to dismiss the Complaint of Sam Sloan ("Plaintiff").[1]

Plaintiff has failed to allege in its Complaint, and has still not presented any basis to confer jurisdiction over Defendants Truong and Polgar in this action. Plaintiff has failed to establish, or even allege, facts sufficient to sustain subject matter jurisdiction, whether premised upon diversity or federal question, or personal jurisdiction over Defendants Truong and Polgar, neither of whom are New York residents. Moreover, Plaintiff has failed to address any of the grounds for dismissal raised in Defendants' motion to dismiss.

Accordingly, dismissal of this action is warranted, and Defendant Truong and Polgar's motion to dismiss should be granted in its entirety.

## ARGUMENT

### POINT I

### THERE IS NO SUBJECT MATTER JURISDICTION BECAUSE COMPLETE DIVERSITY BETWEEN THE PARTIES IS LACKING

Plaintiff's Complaint is properly dismissed because subject matter jurisdiction premised upon diversity of citizenship does not exist. It is well-settled that:

---

[1]  Defendants, The United States Chess Federation, Joe Channing, William Goichberg, Bill Hall, Herbert Rodney Vaughn, Gregory Alexander, Grant Perks, Randall Hough, Randy Bauer, Paul Truong, Susan Polgar and Jim Berry, jointly submitted their motion to dismiss together with supporting materials on or about January 4, 2008. Since the filing of Defendants' motion to dismiss, the undersigned has substituted as counsel for Defendants Truong and Polgar pursuant to the Stipulation and Order entered January 24, 2008. The undersigned now submit this Reply on behalf of Defendants Truong and Polgar in further support of their motion to dismiss.

> To sustain the jurisdiction of a federal court on the ground of diversity of citizenship under 28 U.S.C.A. § 1332(a)(1), there must be <u>complete or total diversity</u>, such that all parties on one side of the controversy must be of diverse citizenship from those on the other side.

<u>Colon v. Bernabe</u>, No. 07 Civ. 3369, 2007 WL 2068093, at *2 (S.D.N.Y. July 19, 2007)[2] (emphasis added) (remanding the case to state court because the requirements for diversity jurisdiction were not satisfied) (citing <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996)). Moreover, once the court's diversity jurisdiction is challenged by a defendant, "the burden of proving diverse citizenship falls upon the party invoking federal jurisdiction." <u>Schibuk v. Poinciana-Regency Ltd. P'ship</u>, 764 F. Supp. 878, 880 (S.D.N.Y. 1991).

In the instant action before this Court, Defendants properly challenged the Court's diversity jurisdiction on the basis that Defendant William Goichberg and Plaintiff are both citizens of the State of New York. In particular, Defendants proffered evidence that complete diversity of citizenship is lacking because: (1) William Goichberg's permanent place of residence is Salisbury, New York, where he has lived and maintained his residence since 1991; (2) William Goichberg does not maintain a residence in any state other than in the State of New York; and (3) William Goichberg votes and pays taxes in the State of New York. Affidavit of William Goichberg, sworn to on November 19, 2007. Thus, William Goichberg's citizenship and domicile is the State of New York. Plaintiff alleges (and does not dispute) that he is a resident and citizen of the State of New York. Plaintiff's opposition appears to offer, by conjecture and innuendo alone, that he does not believe that William Goichberg is a resident of State of New York. This is insufficient to establish diversity of citizenship in the face of Defendants' proper challenge to diversity jurisdiction.

---

[2] A true and correct copy of the decision in, <u>Colon v. Bernabe</u>, No. 07 Civ. 3369, 2007 WL 2068093 (S.D.N.Y. July 19, 2007), is annexed hereto as Exhibit "A".

Plaintiff, having failed to submit any evidence that William Goichberg's citizenship and domicile is diverse from Plaintiff, has failed to satisfy its burden of proving diversity of citizenship.

**POINT II**

**THERE IS NO SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF HAS FAILED TO RAISE ANY FEDERAL QUESTION**

Plaintiff has failed to allege in its Complaint, and has still not presented any federal question to predicate original subject matter jurisdiction over Defendants Truong and Polgar. Plaintiff does not dispute that the Communications Decency Act, 47 U.S.C. § 223(h)(1), which is the only federal statute identified by Plaintiff in his Complaint, does not provide a private cause of action. Nor does Plaintiff dispute that the Communications Decency Act does not confer federal jurisdiction over a civil lawsuit. See, e.g., Ghartey v. Chrysler Credit Corp., No. 92-Civ-1782, 1992 WL 373479, at * 5 (E.D.N.Y. Nov. 23, 1992).[3] Plaintiff also does not dispute that its reference to "election fraud", albeit vague and unspecific, fails to implicate any federal law that may provide a basis for federal jurisdiction in a civil lawsuit such as the instant action. Plaintiff's conclusory assertion that "there are a great abundance of federal questions here" does not raise any cognizable federal question, and is not sufficient to establish subject matter jurisdiction. Affidavit in Opposition To Motion to Dismiss On Federal Questions Issue at ¶ 27.

Plaintiff's failure to allege a violation of a federal law that provides a private federal cause of action is fatal to Plaintiff's Complaint, warranting dismissal of the Complaint for lack of subject matter jurisdiction. See, e.g., Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986); J.A. Jones Construction Co. and Daidone electic of N.Y., Inc. v. The City of New

---

[3] A true and correct copy of the decision in, Ghartey v. Chrysler Credit Corp., No. 92-Civ-1782, 1992 WL 373479, (E.D.N.Y. Nov. 23, 1992), is annexed hereto as Exhibit "B".

York, 753 F. Supp. 497 (dismissing complaint for lack of federal jurisdiction because inter alia federal statute alleged did not create private right of action); Angela Cummings, Inc. v. Purolator Courier Corp., 670 F. Supp. 92, 94 (S.D.N.Y. 1987) ("A federal statute that does not create or imply private rights of action does not present a federal question pursuant to 28 U.S.C. § 1331 on behalf of private individuals.").

## POINT III

## THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANTS TRUONG AND POLGAR

Dismissal of this action as against Defendants Truong and Polgar is warranted because Plaintiff has failed to satisfy its burden of establishing that the Court may exercise personal jurisdiction over Defendants Truong and Polgar. See Stewart v. Volkswagen of America, Inc., 81 N.Y.2d 203, 207 (1993); Roldan v. Dexter Folder Co., 178 A.D.2d 589 (2d Dep't. 1991) (dismissing plaintiff's complaint because plaintiff failed to satisfy its burden of demonstrating the "existence of a basis upon which to predicate the exercise of person jurisdiction over [defendant]"). Significantly, the burden of proving personal jurisdiction remains with the party asserting it. Bernardo v. Barrett, 87 A.D.2d 832 (2d Dep't. 1982).

Plaintiff has still failed to demonstrate any basis for this Court to confer personal jurisdiction over Defendants Truong and Polgar under New York's general personal jurisdiction statute, C.P.L.R. § 301. An individual who is not domiciled in the State of New York and who is served outside of this State only subjects him or herself to the jurisdiction of the Court when he or she is doing business in New York State individually. Laufer v. Ostrow, 55 N.Y.2d 305, 313 (1982). Thus, individuals like Defendants Truong and Polgar, who are not domiciled in this State, cannot be subject to personal jurisdiction unless the individuals conduct business on behalf of themselves, individually, rather than on behalf of any corporate entity as an employee. Id.

Plaintiff does not allege that Defendants Truong and Polgar conduct business individually in the State of New York, and therefore, personal jurisdiction is lacking.

In addition, Plaintiff's allegations are insufficient as a matter of law to satisfy New York's long-arm jurisdiction statute. Under New York's long-arm statute, C.P.L.R. § 302, personal jurisdiction over a defendant may only be exercised in instances where the cause of action arises from the defendant's contacts with the New York State forum. Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 763-64 (2d Cir. 1983) (applying New York law). Plaintiff's contention that this Court has personal jurisdiction over Defendants Truong and Polgar is based solely upon allegations concerning alleged defamatory electronic postings on certain chess web-sites. This plainly fails to satisfy New York's long-arm statute, and is insufficient to establish personal jurisdiction over out-of-state Defendants Truong and Polgar. See Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007) (holding that alleged defamatory internet postings, which may be read in New York State, are not sufficient to establish personal jurisdiction over an out-of-state defendant).

Accordingly, this Court lacks personal jurisdiction over Defendants Truong and Polgar, and Plaintiff's Complaint should be dismissed in its entirety as to Defendants Truong and Polgar.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' Motion to Dismiss already submitted, dismissal of Plaintiff's Complaint is warranted, and Plaintiff's Complaint should respectfully be dismissed in its entirety as to Defendants Truong and Polgar.

Dated: Jericho, New York
      February 14, 2008

**NIXON PEABODY LLP**

By:_____
    Joseph J. Ortego, Esq.
    *Attorneys for Defendants Paul*
    *Truong and Susan Polgar*
    50 Jericho Quadrangle, Suite 300
    Jericho, New York  11753
    (516) 832-7500
    jortego@nixonpeabody.com

NIXON PEABODY LLP
50 Jericho Quadrangle
Jericho, New York 11753
Telephone: 516.832.7500
Facsimile: 516.832.7555
*Attorneys for Defendants Paul Truong and Susan Polgar*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAM SLOAN,<br><br>                                      Plaintiff,<br><br>                  - against -<br><br>HOAINHAN "PAUL" TRUONG, ZSUZSANNA "SUSAN" POLGAR, JOEL CHANNING, WILLIAM GOICHBERG, THE UNITED STATES CHESS FEDERATION, BILL HALL, HERBERT RODNEY VAUGHN, GREGORY ALEXANDER, FRANK NIRO, GRANT PERKS, WILLIAM BROCK, RANDALL HOUGH, RANDY BAUER, JIM BERRY, TEXAS TECH UNIVERSITY and UNITED STATES OF AMERICA,<br><br>                                      Defendants. | Civil Action No. 07-CV-8537 (DC)<br><br><br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on February 14, 2008, a copy of the foregoing *Reply Memorandum of Law in Further Support of Defendants, Paul Truong and Susan Polgar, Motion to Dismiss Plaintiff's Complaint*, were served via regular mail upon:

| | |
|---|---|
| Sam Sloan<br>1664 Davidson Avenue<br>Apartment 1B<br>Bronx, New York 10453<br>[also served via certified mail, return receipt requested] | Patrick M. O'Brien, Esq.<br>Law Offices of Patrick M. O'Brien<br>309 Elmore Street<br>Park Ridge, Illinois 60068-3569<br>*Attorneys for Defendant William Brock* |

10908050.1

Arthur M. Handler, Esq.
Handler & Goodman, L.L.P.
805 Third Avenue
8th Floor
New York, New York  10022
***Attorneys for Defendant William Brock***

Scot M. Graydon, Esq.
Assistant Attorney General, General
Litigation Division
Attorney General of Texas
P.O. Box 12548
Austin, Texas  78711-2548
*Attorneys for Defendant Texas Tech
University*

_____
Joseph J. Ortego