**EXHIBIT "B"**

Westlaw.

Not Reported in F.Supp.

Page 1

Not Reported in F.Supp., 1992 WL 373479 (E.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

C
**Ghartey v. Chrysler Credit Corp.**
E.D.N.Y.,1992.
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.
Alfred K. **GHARTEY** and Justina **Ghartey** Plaintiffs,
v.
**CHRYSLER** CREDIT CORP., et alia, Defendants.
No. CV-92-1782 (CPS).

Nov. 23, 1992.

MEMORANDUM AND ORDER

SIFTON, District Judge.
*1 In this action, brought by *pro se* plaintiffs Alfred and Justina **Ghartey** ("**Ghartey**") to recover for damages caused by the defendants' conduct in repossessing an automobile, defendants **Chrysler** Credit Corporation ("CCC") and John Karadenes ("Karadenes") move for summary judgment in their favor.[FN1] The plaintiffs subsequently moved to amend the complaint and for a default judgment against defendant Talley Ho Towing Co. ("Talley Ho"). For the reasons discussed below, the motion of defendants CCC and Karadene is granted; plaintiffs' motion for default judgment against defendant Talley Ho is denied; the claim asserted against defendant Talley Ho is dismissed for failure to state a claim; plaintiffs' motion for leave to amend their complaint is denied as futile; and the action is dismissed in its entirety.

FN1. At oral argument, this Court found that CCC and Karadenes were referring to facts outside of the pleadings to support their Rule 12(c) motion. Accordingly, by Order dated September 4, 1992, this Court declared that the defendants' motion for judgment on the pleadings would be treated as a summary judgment motion. The Order directed the parties to serve and file additional papers in support of or in opposition to the summary judgment motion.

The following facts, unless otherwise indicated, are undisputed. On February 14, 1991, plaintiffs purchased an automobile from Potamkin Chrysler-Plymouth-Dodge, Inc. and financed the purchase of the car through CCC.

On June 13, 1991, plaintiffs filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code and notified all of their creditors, including CCC. Plaintiffs allege that, after filing for bankruptcy, CCC and Karadenes, an employee of CCC, persistently telephoned plaintiffs to demand payment in accordance with the financing plan for the car. Plaintiffs allege in some detail that these calls became harassing: the calls from defendants CCC and Karadenes were frequent, persistent, and "emotional"; the callers threatened repossession; anonymous harassing calls began around the time of the calls from CCC demanding payment; the anonymous caller would utter profanity and other abusive remarks to the plaintiffs.

On or about September 7, 1991, plaintiffs received notice of CCC's motion in the plaintiffs' bankruptcy proceeding to vacate the automatic stay. On September 25, 1991, a hearing on CCC's motion to vacate the automatic stay was heard by Bankruptcy Judge Marvin Holland. Judge Holland directed CCC to settle an order vacating the automatic stay. The order was settled, signed, and issued by the Bankruptcy Court on October 16, 1991. The order provided that CCC could foreclose its interest in the car purchased by plaintiffs in accordance with state practice and procedure.

On November 14, 1991, after the automatic stay was lifted, defendant CCC and defendant

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 2
Not Reported in F.Supp., 1992 WL 373479 (E.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Talley Ho, acting as CCC's agent, forcibly entered an enclosed and locked area of plaintiffs' property and repossessed the car.

On April 13, 1992, plaintiffs commenced the present action. Plaintiffs' complaint states two causes of action against defendants CCC and Karadenes: (1) a claim based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (" FDCPA"), and (2) a claim based on 11 U.S.C. § 362(h) for willful violation of the automatic stay of the Bankruptcy Court. The complaint also asserts a cause of action against defendant Talley Ho for violation of the FDCPA.

*2 Defendants CCC and Karadenes filed timely answers. Defendant Talley Ho has not filed any responsive pleading nor otherwise defended this action. In an affidavit submitted as part of plaintiffs' application for a default judgment against Talley Ho, plaintiff Alfred Ghartey describes the service of process on Talley Ho. Numerous attempts to mail a notice, summons and complaint to Talley Ho were frustrated by Talley Ho's refusal to accept delivery. On May 27, 1992, plaintiffs employed a process server to effect personal service on Talley Ho. The process server, D & D Process Service, filed a return of service form indicating that service of a summons and complaint was effected on Talley Ho on June 2, 1992.

In an affidavit submitted in support of defendants' motion for summary judgment, CCC states that the principal business purpose of CCC is to provide financing for retail and wholesale customers and dealers and that debt collection is not the primary purpose of CCC. CCC explains that only 7-8% of its retail accounts are subject to some form of collection activity and that one-third of its employees in the Whitestone branch of CCC work primarily in the collection department. Further, CCC alleges that it collects only debts that are owed directly to CCC and does not collect on accounts owed or due to third parties. Aff. Robert C. DiClemente, dated September 28, 1992.

Defendant John Karadenes states in his affidavit, which is not disputed, that between April 1991 and July 1992 he was employed by CCC. Karadenes also states that, whenever he contacted plaintiffs regarding their delinquent account with CCC, he was acting as an employee and agent of CCC.

### DISCUSSION

Summary judgment must be granted if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of any disputed material facts, *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990), and the court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. *Id.*

The showing needed on summary judgment reflects the burden of proof in the underlying action. The court must consider "the actual quantum and quality of proof" demanded by the underlying cause of action and which party must present such proof. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254 (1986).

Where the ultimate burden of proof is on the nonmoving party, the moving party meets his initial burden for summary judgment by " 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). To survive the motion, the nonmoving party must then "make a showing sufficient to establish the existence of [the challenged] element essential to [that party's] case." *Id.* at 322.

1. *CLAIM UNDER 11 U.S.C. § 361(h)*

*3 Reading the complaint in the most favorable light from plaintiffs' standpoint, it is clear that defendants CCC and Karadenes have not willfully violated the automatic stay imposed by the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1992 WL 373479 (E.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

bankruptcy court. Therefore, as to this cause of action, summary judgment in favor of CCC and Karadenes is granted.

Under 11 U.S.C. § 361(h), a person may recover actual damages for injuries caused by a willful violation of an automatic stay imposed pursuant to § 362(a) of the Bankruptcy Code. In this action, however, on the facts set forth in plaintiffs' complaint, no violation of the automatic stay occurred. According to the complaint, defendant CCC properly filed a notice of motion for vacating the automatic stay in the bankruptcy proceedings; after a hearing by the bankruptcy court, an order vacating the automatic stay and permitting CCC to foreclose its interest in the automobile in accordance with state law and procedure was entered on October 16, 1991. The complaint states that plaintiffs' car was taken on or about November 14, 1991. The car was repossessed 30 days after the automatic stay was properly vacated. Accordingly, even taking all of the allegations of the complaint as true, there could have been no willful violation of the automatic stay, and defendants are accordingly entitled to summary judgment in their favor with respect to this cause of action.

2. *FDCPA CLAIM AGAINST CCC AND KARADENES*

The FDCPA was designed to protect the public from abusive and harmful collection practices used by some debt collectors. *See* 15 U.S.C. § 1692(a). However, the FDCPA defines the term "debt collector" narrowly. On the facts set forth in the complaint and the undisputed assertions set forth in defendants' affidavits, none of the defendants is a " debt collector" within the statutory definition of that term. The FDCPA defines a "debt collector" as:
> (6) ... any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... The term does not include-
> (a) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor.

15 U.S.C. § 1692a(6).

Defendant CCC is not a "debt collector" since (1) debt collection is not the principal business purpose of CCC and (2) CCC is not regularly engaged in the business of collecting the debts " owed or due another." *See Kohler v. Ford Motor Credit Co.,* 447 N.Y.S.2d 215, 217 (Sup.Ct., Albany Cty.1982) (holding that FDCPA does not apply to automobile finance company attempting to collect on a debt owed to itself); *see also Meads v. Citicorp Credit Servs., Inc.,* 686 F.Supp. 330, 333-34 (S.D.Ga.1988). CCC states and plaintiffs do not dispute that its principal business purpose is providing financing and that it never collects debts " owed or due another." In this case, CCC was collecting a debt owed by plaintiffs to CCC.

*4 Likewise, Karadenes is not a debt collector since it is undisputed that he was acting to collect a debt owed to his employer; thus, he too falls within the exception to the definition under section 1692a(6)(a).

Plaintiffs suggest in their memorandum of law submitted in opposition to defendants CCC's and Karadenes' motion that these defendants are "debt collectors" within the meaning of another section of the same statute, section 1692f(6). Although it is true that the definition of "debt collector" in that section is different, these defendants are also not debt collectors under this different definition.

Section 1692f(6) provides that the FDCPA is violated when a debt collector takes property or threatens to take any nonjudicial action to dispossess a person of property when "there is no present right to possession of the property claimed as collateral through an enforceable security interest " or when the "property is exempt by law from such disposition." 15 U.S.C. § 1692f(6)(A), (C). For the purposes of this section, a debt collector is defined as:
> any person who uses any instrumentality of interstate commerce or the mails in any business the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 4
Not Reported in F.Supp., 1992 WL 373479 (E.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

However, neither CCC nor Karadenes is engaged in a business the "principal purpose of which is the enforcement of security interests." See Kohler, 447 N.Y.S.2d at 217. Section 1692f(6) applies to repossession agencies, those businesses which are employed by the owner of collateral to dispossess the debtor of the collateral and return it to the owner. See Jordan v. Kent Recovery Servs., Inc., 731 F.Supp. 652, 657-59 (D.Del.1990). Since CCC's primary business purpose is providing financing for retail and wholesale customers, this section of the FDCPA is also inapplicable.

### 3. DEFAULT JUDGMENT DENIED

Plaintiffs seek a default judgment against defendant Talley Ho because Talley Ho has failed to respond or otherwise defend in this action. However, since as noted below the complaint fails to state a claim against Talley Ho, a default judgment is inappropriate in this case.

Generally, a default judgment is a device to protect parties from "interminable delay and continued uncertainty" as to their rights due to an unresponsive party. Jackson v. Beech, 636 F.2d 831, 836 (D.C.Cir.1980). Entry of a default judgment is a drastic remedy usually reserved as last resort and is subject to the court's discretion. Davis v. Musler, 713 F.2d 907, 912 (2d Cir.1983); Meehan v. Snow, 652 F.2d 274, 277 (2d Cir.1981); Katz v. Morgenthau, 709 F.Supp. 1219, 1225 (S.D.N.Y.1989).

There must be a sufficient basis in the pleadings to support a claim against the party before a default judgment is entered against that party. See Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975). Since plaintiffs' complaint does not provide a basis for a claim against Talley Ho, plaintiffs' motion for a default judgment must be denied.

### 4. FDCPA CLAIM AGAINST TALLEY HO

*5 Plaintiffs assert a FDCPA claim against defendant Talley Ho. Although Talley Ho may be a repossession agency and a "debt collector" within the meaning of the FDCPA for the purposes of section 1692f(6), see Jordan, 731 F.Supp. at 657-58, nothing in the complaint even suggests that Talley Ho made threats or took any action in violation of this section of the FDCPA.

Talley Ho neither took nor made threats to repossess the plaintiffs' car at a time when there was no "present right to possession." At the time Talley Ho took the plaintiffs' car, the automatic stay due to the bankruptcy proceeding had been vacated. Any threats made to repossess the car made prior to the lifting of the stay were made by Karadenes or CCC, not Talley Ho.

### 5. LEAVE TO AMEND COMPLAINT DENIED

Plaintiffs' motion for leave to amend the complaint is denied since the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). Plaintiffs propose to add five claims in the amended complaint, only one of which is a federal claim. The proposed additional federal claim is a claim under section 223 of the Federal Communications Act of 1934. 47 U.S.C. § 223. Section 223 is a criminal statute prohibiting the making of obscene or harassing telephone calls. See, e.g., United States v. Dorsey, 342 F.Supp. 311 (E.D.Pa.1972).

The Federal Communications Act does not expressly provide for a private right of action to recover damages for violations of section 223, and no such remedy can be implied under the act.

In determining whether this section of the Federal Communications Act impliedly authorizes a private remedy, the question is whether Congress intended at the time it enacted the statute to create the private remedy asserted. Thompson v. Thompson, 484 U.S. 174 (1988); Touche Ross & Co. v. Radington, 442 U.S. 560, 575 (1979); Brawer v. Options Clearing Corp., 633 F.Supp.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 5
Not Reported in F.Supp., 1992 WL 373479 (E.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

1254 (S.D.N.Y.), aff'd, 807 F.2d 297 (2d Cir.1986), cert. denied, 484 U.S. 819 (1987). The Supreme Court has enumerated four factors that should be considered as guides to discerning Congress' intent: (1) whether the statute creates a federal right in favor of the plaintiff; (2) whether there is any indication of legislative intent, explicit or implicit, either to create or deny such a remedy; (3) whether it would be consistent with the underlying purposes of the legislative scheme to imply a private remedy; and (4) whether the cause of action is one traditionally relegated to state law. *Cort v. Ash,* 422 U.S. 66, 78 (1975); *see Thompson,* 484 U.S. at 179.

All of these factors militate against finding an implied right of action in this case. Generally, the Federal Communications Act "did not create new private rights." *Scripps-Howard Radio, Inc. v. Federal Communications Comm'n,* 316 U.S. 4, 14 (1942). Under the Federal Communications Act, Congress established an elaborate statutory and administrative scheme; in particular the Federal Communications Commission ("Commission") was established and given broad regulatory authority. 47 U.S.C. § 151. The Commission is charged with acting on "all complaints alleging violation of section 223." *See* Pub.L. 98-214, § 8(d), *reprinted in* U.S.Code Cong. & Admin. News, 97 Stat. 1467, 1470 (1983). The existence of this statutory scheme is strong evidence that Congress did not intend to create a private right of action. *See Belluso v. Turner Communications Corp.,* 633 F.2d 393, 397 (5th Cir.1980). With regard to the third factor referred to above, the creation of a private right of action would be inconsistent with the clear legislative intent to centralize enforcement of the Act in the expert agency. *Id.* Also, the cause of action asserted under the guise of a violation of section 223 amounts to an intentional tort, namely, the intentional infliction of emotional distress. Since this cause of action is one that is traditionally relegated to state law, this factor as well militates against implying a cause of action under this section.

*6 Plaintiffs proposed additional state claims are not properly heard in federal court since there is no basis for federal jurisdiction. The jurisdictional basis for this action is federal question jurisdiction under 28 U.S.C. § 1331. Since all of the previous federal claims under the Bankruptcy Code and the FDCPA have been dismissed and the proposed additional federal claim under the Federal Communications Act is not viable, there is no longer any basis for federal subject matter jurisdiction under section 1331. The complaint states that both plaintiffs and defendant John Karadenes are citizens of the State of New York, as Karadenes also states in his affidavit; hence, there is no basis for diversity jurisdiction in this case. The state claims proposed by plaintiffs in their proffered amended complaint are better heard in the state courts. Therefore, plaintiffs' motion for leave to amend the complaint is denied.

There being no remaining claims in this action nor a basis for federal subject matter jurisdiction, this action is dismissed in its entirety.

The Clerk is directed to enter judgment dismissing the within action and to mail a copy of the within to all parties.

SO ORDERED.

E.D.N.Y.,1992.
Ghartey v. Chrysler Credit Corp.
Not Reported in F.Supp., 1992 WL 373479 (E.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.